USCA1 Opinion

 

 August 20, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2330 FELICITA FERRER-CRUZ, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ____________________ Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for ______________________ _________________________ appellant. Daniel F. Lopez Romo, United States Attorney, Jose Vazquez _______________________ _____________ Garcia, Assistant United States Attorney, and Nancy B. Salafia, ______ __________________ Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee. ____________________ ____________________ Per Curiam. We have carefully reviewed the record __________ and conclude that substantial evidence supports the Secretary's determination that claimant Felicita Ferrer Cruz retained the ability to perform a particular past job and was not entitled to social security disability benefits. We have considered all of claimant's arguments and, finding them without merit, affirm the judgment of the district court essentially on the basis of the magistrate-judge's report adopted by the district court. We add only these comments. While we agree with claimant that the "B" criteria of the Appeals Council's psychiatric review technique form show a severe mental impairment, the claimant failed to meet her relatively minimal initial burden to show both the mental demands of her former work and how those work duties were compromised by her mental condition. Santiago v. Secretary ________ _________ of Health & Human Services. 944 F.2d 1, 6-7 (1st Cir. 1991) __________________________ ("[T]he kind of foundation that the claimant must lay requires no more than putting into issue functional loss that precludes performance of pertinent prior work activities."). Based upon claimant's description of her previous work as secretary/receptionist at a photo studio, it is not obvious how her mental condition, a generalized anxiety disorder, precluded her prior work. In addition, we note that although claimant filed an application alleging disability due to, inter alia, "nerves", there is no evidence that claimant was _____ ____ ever treated or followed for any mental or emotional condition. Even if we were to conclude that claimant had sufficiently raised the issue of her inability to perform the actual mental demands of her former job, where no treatment whatsoever was obtained, the ALJ was entitled to decide that claimant's relatively mild mental condition only minimally affected her ability to perform her self-described work duties. See, e.g., Irlanda Ortiz v. Secretary of Health & ___ ____ ______________ ______________________ Human Services, 955 F.2d 765, 769-70 (1st Cir. 1991); Perez ______________ _____ Torres v. Secretary of Health & Human Services, 890 F.2d ______ ______________________________________ 1251, 1255 (1st Cir. 1989). In sum, substantial evidence supports the Secretary's determination that claimant failed to carry her burden of showing that her impairments prevented her return to her past work. Affirmed. ________ -3-